# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL LEON WILLIAMS, | ) | |
| Petitioner, | ) | |
| v. | ) | 3:13-cv-334-RCJ-WGC |
| RENEE BAKER et al., | ) | **ORDER** |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which Petitioner, a state prisoner, is proceeding *pro se*. The following motions are before the Court: a motion to dismiss (ECF No. 18), a motion for order to extend prison copy work limit (ECF No. 10), a motion for order directing respondents to produce copies of the certified judgement (ECF No. 11), motions to extend time (ECF No. 15, 22), and an *ex parte* motion for three different orders (ECF No. 26).

**I.   PROCEDURAL HISTORY**[1]

On January 23, 2007, Petitioner filed a motion for a *Faretta*[2] hearing. (Exhibit 17). On July 26, 2007, the state trial court canvassed Petitioner and granted Petitioner's request to represent himself. (Exhibit 18). In January 2009, Petitioner represented himself in a four day jury trial with the assistance of standby counsel. (Exhibits 54, 55, 56, 57).

The jury found Petitioner guilty of attempted robbery (Count 1), battery with substantial bodily harm (Count 2), and destroying evidence (Count 3). (Exhibit 20). The trial court

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 19-1 through 19-9.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

sentenced Petitioner to 10 years to life for both attempted robbery and battery with substantial bodily harm, to run consecutively, and to one year for destroying evidence, to run concurrently. (*Id.*). The trial court sentenced Petitioner under the Large Habitual Criminal Statute. (*Id.*).

Petitioner, through counsel, filed a timely notice of appeal to the Nevada Supreme Court. (Exhibit 29). Petitioner sought to remove his court-appointed appellate counsel and have alternate counsel appointed, but the Nevada Supreme Court denied the motion. (Exhibit 35). Petitioner, through counsel, filed a direct appeal brief on November 17, 2009, and raised eight claims. (Exhibit 36). On May 28, 2010, the Nevada Supreme Court held that Petitioner's arguments lacked merit and affirmed the judgment of the trial court. (Exhibit 37). On July 9, 2010, the Nevada Supreme Court issued a remittitur. (Exhibit 38). On September 7, 2010, the Nevada Supreme Court denied as untimely Petitioner's *pro per* requests to supplement his direct appeal and to file a motion for rehearing. (Exhibit 39).

On June 20, 2011, Petitioner, *pro per*, filed a petition for habeas corpus in state district court and raised 17 claims. (Exhibit 40). On May 20, 2011, Petitioner also filed a "second supplement" to his state petition.[3] (Exhibit 41). The state district court denied the petition for habeas corpus. (Exhibit 43).

On December 8, 2011, Petitioner, *pro per*, filed a notice of appeal to the Nevada Supreme Court for the denial of his state petition. (Exhibit 44). On May 1, 2012, Petitioner filed an opening appellate brief with the Nevada Supreme Court and raised 18 issues regarding the denial of his state petition. (Exhibit 45). On May 14, 2012, Petitioner filed a supplemental brief to the Nevada Supreme Court. (Exhibit 46). On May 14, 2013, the Nevada Supreme Court affirmed the judgment of the state district court and issued a remittitur on June 20, 2013. (Exhibits 47, 48).

On June 14, 2011, Petitioner, *pro per*, filed a motion for correction of illegal sentence in state district court. (Exhibit 49). On February 1, 2012, the state district court denied the

---

[3] Respondents note that there is no "first supplement" in the record and assert that it is not immediately apparent from the record why Petitioner's "second supplement" was filed a month before Petitioner's original state petition. (ECF No. 18 at 4). The "second supplement" appears to relate to Petitioner's original state petition. (*See* Exhibit 41).

motion. (Exhibit 50). On February 12, 2013, the Nevada Supreme Court affirmed the state district court's denial of the motion and issued a remittitur on March 27, 2013. (Exhibits 51, 52).

On June 21, 2013, Petitioner submitted his petition for habeas corpus pursuant to 28 U.S.C. § 2254 to this Court. (ECF No. 7). Petitioner's federal petition alleges 24 grounds for relief. (*Id.*). Respondents' filed a motion to dismiss based on lack of exhaustion.[4] (ECF No. 18). Petitioner filed an opposition[5] and Respondents' filed a reply. (ECF No. 25, 27).

## II.   DISCUSSION

### A.   Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the

---

[4] The Court grants Respondents' motion for an extension of time to file a responsive pleading. (ECF No. 15).

[5] The Court grants Petitioner's motion for an extension of time to file an opposition to the motion to dismiss. (ECF No. 22).

3

state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F.Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the [prisoner is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *see Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose,* 455 U.S. at 520).

A claim is not exhausted when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.Supp. 455, 458 (D. Nev. 1984).

**B.    Petition in the Instant Case**

Respondents argue that Petitioner's claims are partially or fully unexhausted. (*See* ECF No. 18). The Court addresses each claim in turn.

    **i.    Ground 1**

In Ground 1, Petitioner explicitly states that he waives this ground in both his federal and state petitions. (ECF No. 7 at 3). In response, Respondents clarify that the Court should dismiss Ground 1 of the federal petition. (ECF No. 18 at 10). The Court dismisses Ground 1 of the federal petition because Petitioner explicitly waives this ground in his federal petition.

    **ii.    Ground 2**

In Ground 2, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated. (ECF No. 7 at 4). Respondents argue that, to the extent that Petitioner is attempting to raise a due process claim, that portion of the claim is unexhausted. (ECF No. 18 at 10). Respondents assert that Petitioner's post-conviction opening appellate brief to the Nevada Supreme Court

did not raise any due process claims, but rather only raised ineffective assistance of appellate counsel claims. (*Id.*). Respondents contend that any claim included in Petitioner's state petition but not raised in Petitioner's post-conviction opening appellate brief is unexhausted. (*Id.*).

In response, Petitioner asserts that his record of appeal to the Nevada Supreme Court is not limited to only his post-conviction appellate brief. (ECF No. 25 at 3). Instead, Petitioner argues that his appellate record includes his original state petition which alleges both due process and ineffective assistance of appellate counsel claims. (*Id.*). Petitioner alleges that the first 17 claims of his federal petition are exactly the same as the 17 claims in his state petition. (*Id.*). Petitioner contends that the Nevada Supreme Court did consider his June 20, 2011, state petition because the Nevada Supreme Court included a footnote in its order which stated that it had reviewed all of the documents that Petitioner had submitted. (*Id.* at 3-4).

In reply, Respondents assert that because Petitioner chose to file a post-conviction opening appellate brief to the Nevada Supreme Court, exhaustion must take place within that brief. (ECF No. 27 at 2).

Ground 2 of Petitioner's state petition alleges that he "was deprived of constitutional effective assistance of appellate counsel and the due process of law" under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. (Exhibit 40 at 8). In his post-conviction opening appellate brief to the Nevada Supreme Court, Petitioner argued that he was "deprived of appellate counsel at a critical stage of his direct appeal process" and noted that he was referring to Ground 2 of his state petition. (Exhibit 45 at 18). Petitioner did not raise the issue of due process in his post-conviction opening appellate brief for Ground 2. (*See id.* at 18-20).

In its post-conviction order, the Nevada Supreme Court held that "[i]n his June 20, 2011, petition, appellant claimed that he received ineffective assistance of appellate counsel." (Exhibit 47 at 1). The Nevada Supreme Court denied all of Plaintiff's ineffective assistance of appellate counsel claims and affirmed the state court's judgment. (*See* Exhibit 47). In a footnote, the Nevada Supreme Court added, "[w]e have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that

no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance." (*Id.* at 9 n.4).

To exhaust a claim, a petitioner must have presented his "federal, constitutional issue before the [Nevada Supreme Court] within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). The Nevada Supreme Court is not required to review a petitioner's lower court pleadings to see if it can discover for itself a federal, constitutional issue. *Id*.

The Court finds that the facts in *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008) are instructive. There, the Ninth Circuit held that the petitioner had not exhausted one of his due process claims because he "did not invoke one complete round of Nevada's 'established appellate review process.'" *Id*. at 1195. The Ninth Circuit specifically noted that the petitioner "did raise the issue in his original habeas corpus petition filed in state trial court but, as the [federal] district court correctly found, he failed to identify the federal nature of the claim when he appealed the lower court's decision of denial to the Nevada Supreme Court." *Id*. In *Chambers*, the Nevada Supreme Court had included a similar footnote in its order stating that it had "considered all proper person documents filed or received in this matter, and we conclude that relief requested is not warranted." *Id*. at 1196. The Ninth Circuit held that this footnote only applied to the claims that the petitioner had properly raised and exhausted to the Nevada Supreme Court. *See id.* at 1195-96.

In this case, Petitioner, much like the petitioner in *Chambers*, only presented his due process claim in Ground 2 in his original state petition filed in state district court. Petitioner did not raise the due process issue in his post-conviction opening appellate brief to the Nevada Supreme Court. As such, to the extent that Ground 2 raises a due process claim, that claim is unexhausted. However, Petitioner's ineffective assistance of appellate counsel claim in Ground 2 is exhausted.

///

### iii. Grounds 3 through 17

Respondents argue that the due process claims raised in Grounds 3 through 17 are unexhausted for the same reasons discussed in Ground 2, i.e. Petitioner only presented his ineffective assistance of appellate counsel claims in his post-conviction opening appellate brief to the Nevada Supreme Court. (*See* ECF No. 18 at 10-18). Petitioner argues that his claims are exhausted for the same reasons discussed in Ground 2, i.e. he presented the claims in his state petition. (*See* ECF No. 25 at 8-21).

For the same reasons discussed in Ground 2, the Court finds that the due process claims raised in Grounds 3 through 17 of the federal petition are unexhausted. Petitioner only raised the issues of ineffective assistance of appellate counsel in his post-conviction opening appellate brief. (*See* Exhibit 45). Thus, Petitioner has only exhausted his ineffective assistance of appellate claims in Grounds 3 through 17.

### iv. Ground 18

In Ground 18 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated. (ECF No. 7 at 65). Specifically, Petitioner alleges that the trial court abused its discretion because it admitted into evidence recordings of Petitioner's telephone conversations. (*Id.*). Petitioner asserts that he raised this claim in his direct appeal brief as well as in Ground 13 of both the federal and state petitions. (*Id.*).

In the state and federal petitions, Ground 13 alleges that appellate counsel was ineffective for failing to federalize Petitioner's direct appeal claim of whether the district court had committed error by admitting into evidence recordings of Petitioner's telephone conversations. (Exhibit 40 at 56; ECF No. 7 at 46). In Petitioner's direct appeal brief, appellate counsel raised the issue of whether the trial court had abused its discretion by admitting into evidence recordings of Petitioner's telephone conversations. (Exhibit 36 at 10-18). Appellate counsel federalized this direct appeal claim by citing to *Kotteakos v. United States*, 328 U.S. 750 (1946). (*Id.* at 17).

The Court finds that Ground 18 is partially exhausted. The Court finds that Petitioner

7

did raise the substantive issue of whether the trial court had abused its discretion, and therefore violated due process, by admitting into evidence recordings of Petitioner's telephone conversation in his direct appeal brief. (*See* Exhibit 36 at 10). However, Petitioner did not raise the ineffective assistance of appellate counsel claim to the Nevada Supreme Court in his direct appeal. Additionally, Petitioner did not raise this issue in his post-conviction opening appellate brief to the Nevada Supreme Court. (*See* Exhibit 45). As such, Ground 18 is exhausted with respect to the due process claim but is unexhausted with respect to the ineffective assistance of appellate counsel claim.

### v. Ground 19

In Ground 19 of the federal petition, Petitioner asserts that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated. (ECF No. 7 at 67). Petitioner argues that the trial court abused its discretion because it permitted a witness to testify regarding that witness's contact with Petitioner in prison. (*Id.*). Petitioner asserts that he raised this claim in his direct appeal brief as well as in Ground 14 of both the federal and state petitions. (*Id.*).

In the state and federal petitions, Ground 14 alleges that appellate counsel was ineffective for failing to federalize the issue of whether the trial court abused its discretion because it permitted a witness to testify regarding that witness's contact with Petitioner in prison. (Exhibit 40 at 59; ECF No. 7 at 50). In Petitioner's direct appeal brief, appellate counsel raised the issue of whether the district court had committed error by allowing a witness to testify regarding that witness's contact with Petitioner in prison. (Exhibit 36 at 18-23).

The Court finds that Petitioner did raise the substantive due process issue of this claim in his direct appeal brief. (*See* Exhibit 36 at 18). However, Petitioner did not raise the ineffective assistance of appellate counsel claim to the Nevada Supreme Court in his direct appeal. Petitioner also did not raise this issue in his post-conviction opening appellate brief to the Nevada Supreme Court. (*See* Exhibit 45). The Court finds that appellate counsel did federalize this due process claim on direct appeal. In the direct appeal brief, appellate counsel cited to *Walker v. Fogliani*, 425 P.2d 794 (Nev. 1967). (Exhibit 36 at 22). This state law case

8

engages in federal constitutional analysis and, thus, is properly federalized.  *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) (holding that, in order to alert the state court that a petitioner's claims rested on the federal Constitution, "a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis").  As such, Ground 19 is exhausted with respect to the due process claim but is unexhausted with respect to the ineffective assistance of appellate counsel claim.

### vi.     Ground 20

In Ground 20 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated.  (ECF No. 7 at 69).  Petitioner argues that "prosecutorial misconduct was committed when comments were made by the deputy district attorney, Sandra K. DiGiacomo, when she made comments about [Petitioner's] post-*Miranda* silence." (*Id.*).  Petitioner asserts that he raised this claim in his direct appeal brief and seeks to have this claim re-litigated in this Court.  (*Id.*).

In Petitioner's direct appeal brief, appellate counsel raised the issue of whether the prosecution committed prosecutorial misconduct by commenting on Petitioner's post-*Miranda* silence.  (Exhibit 36 at 24-26).  The Court finds that Plaintiff did raise the substantive issue of this claim in his direct appeal brief, but did not raise an ineffective assistance of appellate counsel claim.  As such, this claim is exhausted with respect to the due process claim but is unexhausted with respect to the ineffective assistance of appellate counsel claim.

### vii.     Ground 21

In Ground 21 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated.  (ECF No. 7 at 71).  Petitioner argues that the trial court "committed error by failing to adhere to mandatory procedural safeguards for juror questions." (*Id.*).  Petitioner alleges that this issue was included in his direct appeal brief and argues that appellate counsel was ineffective because he failed to federalize this issue on direct appeal.  (*Id.*).

In Petitioner's direct appeal brief, appellate counsel raised the issue of whether the trial court "committed error by failing to adhere to mandatory procedural safeguards for juror questions." (Exhibit 36 at 27). The Court finds that appellate counsel did federalize this claim when he cited to *Knipes v. State*, 192 P.3d 1178 (2008), because that case engages in a federal constitutional analysis regarding structural error, trial error, and harmless error. *See Fields*, 401 F.3d at 1021; (*see* Exhibit 36 at 27). The Court finds that Petitioner did raise the substantive issue of this claim in his direct appeal brief, but did not raise an ineffective assistance of appellate counsel claim. As such, this claim is exhausted with respect to the due process claim but is unexhausted with respect to the ineffective assistance of appellate counsel claim.

### viii. Ground 22

In Ground 22 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated. (ECF No. 7 at 73). Petitioner argues that the trial court "committed error by communicating with the jury without [Petitioner's] presence." (*Id.*). Petitioner alleges that this issue is included in his direct appeal brief, his state petition, his federal petition, and in his post-conviction opening appellate brief. (*Id.*).

In Petitioner's direct appeal brief, appellate counsel raised the issue of whether the trial court committed error by communicating to the jury without Petitioner's presence. (Exhibit 36 at 28-29). The Court finds that the direct appeal claim is not federalized. Appellate counsel did not present any federal constitutional implications of this claim to the Nevada Supreme Court. (*See id.*). Moreover, the state law cases cited for this claim in the direct appeal do not engage in any federal constitutional analysis. Additionally, although Petitioner states that he raised this claim in his post-conviction opening appellate brief, the Court does not find any such claim in the brief. *See Picard*, 404 U.S. at 276 (holding that a "habeas petitioner must 'present the state courts with the same claim he urges upon the federal court'"); (*see* Exhibit 45). As such, the Court finds that this claim is fully unexhausted as to both the due process claim and ineffective assistance of appellate counsel claim.

10

### ix. Ground 23

In Ground 23 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective assistance of appellate counsel were violated. (ECF No. 7 at 75). Petitioner argues that an "accumulation of error deprived [him] of the right to a fair trial and due process under the Fifth and Fourteenth Amendments of the United States Constitution." (*Id.*). Petitioner alleges that this issue was raised in his direct appeal brief. (*Id.*).

The Court finds that Plaintiff raised the argument that "an accumulation of error deprived [him] of the right to a fair trial and due process under the Fifth and Fourteenth Amendments of the United States Constitution" in both is direct appeal brief and post-conviction opening appellate brief. (*See* Exhibit 36 at 31; Exhibit 45 at 57). However, the Court finds that Plaintiff has only raised the due process issue to the Nevada Supreme Court. (*See* Exhibit 45 at 57). As such, the Court finds that this claim is exhausted with respect to the due process claim but unexhausted with respect to the ineffective assistance of appellate counsel claim.

### x. Ground 24

In Ground 24 of the federal petition, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights of due process were violated because the trial court sentenced him illegally. (ECF No. 7 at 77). The Court finds that this claim is exhausted. In his original motion for correction of illegal sentence filed in state district court, Petitioner argued that his habitual criminal sentence violated due process under the Fourteenth Amendment. (Exhibit 49). Petitioner appealed the denial of this motion to the Nevada Supreme Court. (Exhibit 51). The Court finds that Petitioner federalized and exhausted this claim.

### xi. Petitioner's Options Regading Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that the

11

following grounds are unexhausted: (a) Grounds 2 through 17 are unexhausted with respect to the due process claims; (b) Grounds 18 through 21 are unexhausted with respect to the ineffective assistance of appellate counsel claims; (c) Ground 22 is fully unexhausted as to both the due process claim and ineffective assistance of appellate counsel claim; and (d) Ground 23 is unexhausted with respect to the ineffective assistance of appellate counsel claim. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, Petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

See *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations' periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations' periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III.     MISCELLANEOUS MOTIONS

#### A.     Motion for Order to Extend Copy Work Limit to $200 (ECF No. 10)

Petitioner seeks to extend his copy work limit by another $200. (ECF No. 10). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v.*

*Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). In this case, the Court grants Petitioner's request to extend his copy work account limit by another $10.00.

### B. Motion for Order Directing Respondents to Produce Copies of the Certified Judgment (ECF No. 11)

Petitioner seeks an order directing Respondents to produce copies of the certified judgment of convictions used in the underlying criminal proceedings to support his sentence as a habitual offender. (ECF No. 11 at 1). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). "[D]iscovery is available only in the discretion of the court and for good cause shown." *Id*. The Court denies the motion at this time in light of the exhaustion issues.

### C. Motion for Ex Parte Motion for Orders (ECF No. 26)

In his motion, Petitioner seeks an order directing the Clerk of the Court to make copies of Petitioner's exhibits for himself and for the Attorney General's Office. (ECF No. 26 at 1). Petitioner also seeks rulings on his motion to extend prison copy work limit and his motion for certified judgment of convictions. (*Id.*). The Court denies this motion.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's motion to extend his copy work account (ECF No. 10) is granted in the amount of $10.00. The Nevada Department of Corrections shall extend Plaintiff's prison copy work limit by another $10.00.

IT IS FURTHER ORDERED that Petitioner's motion directing Respondents to produce copies of the certified judgment (ECF No. 11) is denied.

IT IS FURTHER ORDERED that Respondents' motion for an extension of time (ECF No. 15) is granted.

IT IS FURTHER ORDERED that Petitioner's motion for an extension of time (ECF No. 22) is granted.

IT IS FURTHER ORDERED that Petitioner's motion for *ex parte* motion on orders (ECF

13

No. 26) is denied.

IT IS FURTHER ORDERED that Respondents' motion to dismiss the petition for writ of habeas corpus (ECF No. 18) is granted in part and denied in part, as follows:

1) Ground 1 is dismissed based on Petitioner's voluntary waiver of the claim.

2) Grounds 2 through 17 are exhausted with respect to the ineffective assistance of appellate counsel claims but are unexhausted with respect to the due process claims.

3) Grounds 18 through 21 are exhausted with respect to the due process claims but are unexhausted with respect to the ineffective assistance of appellate counsel claims.

4) Ground 22 is fully unexhausted as to both the due process claim and ineffective assistance of appellate counsel claim.

5) Ground 23 is exhausted with respect to the due process claim but unexhausted with respect to the ineffective assistance of appellate counsel claim.

6) Ground 24 is fully exhausted as a due process claim.

IT IS FURTHER ORDERED that Petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have **thirty (30) days** from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving

grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that Petitioner shall have **thirty (30) days** following service of Respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated: This 25th Day of August, 2014.

_____
United States District Judge